**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **ROBERTO FRANCISCO** | ) | |
| **GAMEZ-HERRERA,** | ) | |
| **ID # 53818-177,** | ) | |
| **Movant,** | ) | |
| | ) | **No. 3:18-CV-3395-D-BH** |
| **vs.** | ) | **No. 3:16-CR-286-D(16)** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| **Respondent.** | ) | **Referred to U.S. Magistrate Judge[1]** |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Before the court is the amended *Motion Under 28 U.S.C. Section 2255, to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody*, received on February 1, 2019 (doc. 5). Based on the relevant filings and applicable law, the motion should be **DENIED** with prejudice.

## I.    BACKGROUND

Roberto Francisco Gamez-Herrera (Movant) challenges his federal conviction and sentence in Cause No. 3:16-CR-286-D(16). The respondent is the United States of America (Government).

### A.    Conviction and Sentencing

After first being charged by complaint along with several other individuals, Movant was charged by indictment with conspiracy to possess with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(c) (count one) on June 22, 2016. (*See* docs. 1,

---

[1] By *Special Order No. 3-251*, this habeas case was automatically referred for determination of non-dispositive motions and issuance of findings, conclusions, and recommendation.

239.)[2]  He pled guilty to that charge on December 16, 2016, under a plea agreement.  (*See* docs. 443, 498).  Under the plea agreement, Movant agreed that a factual resume he signed was true and would be submitted as evidence.  (*See* doc. 443 at 1.)[3]  The factual resume set out the maximum penalties and essential elements of the offense, and Movant stipulated that:

> Beginning in or around September 2013 and continuing until on or about February 2, 2016, in the Dallas Division of the Northern District of Texas, and elsewhere, [Movant], along with Bryan Cerda, Jose Antonio Valdez-Villalobos, also known as Tony, and others, did knowingly and intentionally conspire with each other, to possess with intent to distribute a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) and 846.
>
> Over the course of the conspiracy, [Movant] was recruited by Bryan Cerda to deliver methamphetamine on his behalf. [Movant] made multiple deliveries of methamphetamine to the shop of Valdez-Villalobos. [Movant] took these actions knowing they were unlawful.

(doc. 442.)  At re-arraignment on December 16, 2016, Movant acknowledged under oath that he had committed each of the essential elements of the offense as set forth in the factual resume, and that the stipulated facts in his factual resume were true and correct. (doc. 784 at 14.)

On February 23, 2017, the United States Probation Office (USPO) prepared a Presentence Investigation Report (PSR) in which it applied the 2016 United States Sentencing Guidelines Manual.  (*See* doc. 594-1 at ¶ 27.)   The PSR noted the stipulated facts in Movant's factual resume and determined that he was accountable for 1.9584 kilograms of d-methamphetamine hydrocholoride (ice) based on two transactions between him and a confidential human source. (*See id.* at ¶¶ 19-22.)  The PSR calculated Movant's base offense level by using the drug quantity

---

[2] Unless otherwise indicated, all document numbers refer to the docket number assigned in the underlying criminal action, No. 3:16-CR-286-D(16).

[3] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

table under U.S.S.G. § 2D1.1(c)(2).  (*See id.* at ¶ 28.)  Because the offense involved at least 1.5 kilograms but less than 4.5 kilograms of ice, it found that the base offense level was 36.  (*See id.*) Two levels were added under U.S.S.G. 2D1.1(b)(5)(A) because the offense involved the importation of ice from Mexico.  (*See id.* at ¶ 29.)  Three levels were deducted for acceptance of responsibility, resulting in a total offense level of 35.  (*See id.* at ¶¶ 35-37.)  Based on a criminal history category of II and an offense level of 35, the resulting guideline imprisonment range was 188-235 months.  (*See id.* at ¶ 71.)  No objections to the PSR were filed.  Three months after the PSR was filed, Movant's counsel withdrew as counsel, and Movant was appointed new counsel. (*See id.* at 675, 688, 689.)

At the sentencing hearing on December 1, 2017, Movant acknowledged that there were no objections to the PSR or the calculation of the guideline range; by judgment entered the same day, he was sentenced to 188 months' imprisonment, to be followed by a three-year term of supervised release.  (*See* doc. 777 at 4; doc. 768 at 1-3.)  On March 1, 2018, the United States Court of Appeals for the Fifth Circuit dismissed Movant's direct appeal on his motion.  (*See* doc. 791.)

**B.**     **Substantive Claim**

Movant's § 2255 motion states the following ground for relief:

Claim of ineffective assistance of counsel at presentencing and sentencing proceedings.

(No. 3:18-CV-3395-D-BH, doc. 5 at 4.)  The Government filed a response on June 6, 2019.  (*See id.*, doc. 13.)  Movant filed a reply on August 15, 2019.  (*See id.*, doc. 17.)

## II.     SCOPE OF RELIEF UNDER § 2255

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589

3

(5th Cir. 1996) (citations and internal quotation marks omitted). It is well-established that "a collateral challenge may not do service for an appeal." *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991) (en banc) (quoting *United States v. Frady*, 456 U.S. 152, 165 (1982)).

A failure to raise a claim on direct appeal may procedurally bar an individual from raising the claim on collateral review. *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001). Defendants may only collaterally attack their convictions on grounds of error omitted from their direct appeals upon showing "cause" for the omission and "actual prejudice" resulting from the error. *Shaid*, 937 F.2d at 232. However, "there is no procedural default for failure to raise an ineffective-assistance claim on direct appeal" because "requiring a criminal defendant to bring [such] claims on direct appeal does not promote the[ ] objectives" of the procedural default doctrine "to conserve judicial resources and to respect the law's important interest in the finality of judgments." *Massaro v. United States*, 538 U.S. 500, 503-04 (2003). The Government may also waive the procedural bar defense. *Willis*, 273 F.3d at 597.

## III.    INEFFECTIVE ASSISTANCE OF COUNSEL

Movant claims that both of his trial attorneys were ineffective because they "deprived [Movant] of the opportunity to challenge the sentencing enhancements listed and recommended in the [PSR]." (No. 3:18-CV-3395-D-BH, doc. 5 at 4; *see id.*, doc. 6 at 6-8.)

The Sixth Amendment to the United States Constitution provides, in relevant part, that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. CONST. amend. VI. It guarantees a criminal defendant the effective assistance of counsel, both at trial and on appeal. *Strickland v. Washington*, 466 U.S. 668, 686 (1984); *Evitts v. Lucey*, 469 U.S. 387, 396 (1985). To successfully state a claim of ineffective assistance of counsel, the movant must demonstrate that counsel's performance was deficient and

4

that the deficient performance prejudiced his defense. *Strickland*, 466 U.S. at 687. A failure to establish either prong of the *Strickland* test requires a finding that counsel's performance was constitutionally effective. *Id.* at 697. The Court may address the prongs in any order. *Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000).

In determining whether counsel's performance is deficient, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. "The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions." *Id.* at 691. To establish prejudice, a movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694; *see Williams v. Taylor*, 529 U.S. 362, 393 n.17 (2000) (recognizing that the inquiry focuses on "whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair."). Reviewing courts must consider the totality of the evidence before the finder of fact in assessing whether the result would likely have been different absent counsel's alleged errors. *Strickland*, 466 U.S. at 695-96.

Here, Movant claims that his first appointed counsel was ineffective because he failed to timely object to the PSR's two-level importation enhancement under U.S.S.G. 2D1.1(b)(5)(A). (*See* No. 3:18-cv-3395-D-BH, doc. 17 at 2.) He claims his second appointed counsel was ineffective for failing to argue at sentencing that the PSR's importation enhancement did not apply to him. (*See id.*) Movant argues that he is entitled to § 2255 relief because "there are no factual basis [sic] to support" the application of the importation enhancement, and because "he had no

knowledge of such importation because his only involvement in the offense was distributing samall [sic] amounts of the drug." (*Id.*, doc. 17 at 3.)

The PSR stated that: (1) cooperating defendants provided information that Movant "played a role of overseeing the delivery of methamphetamine from Mexico"; (2) agents learned that the methamphetamine distributed by Movant "was being imported from Mexico via 18-wheelers and being recrystallized at a location in  Dallas, Texas"; (3) sources indicated that a co-defendant's brother was the source of the liquid methamphetamine supply in Mexico; and (4) an agent "verified the methamphetamine and 'Ice' were determined to have been imported from Mexico, based on the consistency in reporting by cooperating defendants, as well as the purity of the methamphetamine and 'Ice.'"  (doc. 594-1 at ¶ 18.)  Because "the investigation revealed that the methamphetamine (Ice) . . . had been imported from a source of supply in Mexico in liquid form and transported in trucks to be reconstituted in Texas," the PSR added the two-level importation enhancement under U.S.S.G. § 2D1.1(b)(5)(A) to Movant's base offense level.[4]  (*Id.* at ¶ 29.)  The record clearly demonstrates a factual basis for the application of the importation enhancement, and Movant has offered no facts or evidence to challenge the PSR's findings.  He therefore has not demonstrated that counsel was deficient for failing to make a futile or meritless challenge to the application of the importation enhancement on the grounds that it was unsupported by any factual basis.[5]  *See United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999) (holding that counsel is not

---

[4] Section 2D1.1(b)(5)(A) of the sentencing guidelines provides:

> If (A) the offense involved the importation of amphetamine or methamphetamine or the manufacture of amphetamine or methamphetamine from listed chemicals that the defendant knew were imported unlawfully, and (B) the defendant is not subject to an adjustment under § 3B1.2 (Mitigating Role), increase [the offense level] by 2 levels.

U.S.S.G. § 2D1.1(b)(5)(A).

[5] Although Movant argues that the plea agreement and factual resume did not support or argue for the application of the importation enhancement, the PSR did not reference or rely on either of these documents in concluding that the

deficient for failing to raise a meritless argument); *Sones v. Hargett*, 61 F.3d 410, 415 n.5 (5th Cir. 1995) ("Counsel cannot be deficient for failing to press a frivolous point.").

Movant's claim that each attorney was ineffective for not objecting to and not arguing against the application of the importation enhancement on the basis that he "did not actually know the source of the drugs because his only participation in the trade was getting small amounts of the drug and selling it to other people," also fails. (doc. 3:18-CV-3395-D-BH, doc. 17 at 4.) Movant argues that the language of § 2D1.1(b)(5)(A) makes it clear that "knowledge of the importation of the controlled substance was necessary to trigger the enhancement application." (*Id.*, doc. 17 at 3.) The Fifth Circuit has rejected Movant's argument, however, concluding that "the plain language of § 2D1.1(b)(5) unambiguously limits the qualification, 'that the defendant knew were imported unlawfully,' to such contraband that was manufactured from one or more of the listed chemicals; ***it does not apply to 'the importation of amphetamine or methamphetamine*.'" *United States v. Serfass*, 684 F.3d 548, 551 (5th Cir. 2012) (emphasis added). Accordingly, the "two-level sentencing enhancement of U.S.S.G. § 2D1.1(b)(5) applies when the 'the offense involved the importation of . . . methamphetamine,' even if the defendant did not know that the methamphetamine was imported." *Serfass*, 684 F.3d at 554; *see also United States v. Foulks*, 747 F.3d 914, 915 (5th Cir. 2014) ("distribution (or possession with intent to distribute) of imported methamphetamine, even without more, may subject a defendant to the §2D1.1(a)(5) enhancement."). Movant's argument is therefore without merit, and neither of his attorneys was deficient for failing to make a meritless argument.

---

importation enhancement applied to Movant's offense. (*See* No. 3:18-CV-3395-D-BH, doc. 17 at 2.) Rather, the PSR relied on the findings of the investigation, information from cooperating defendants, and verification from a federal agent in determining that the methamphetamine involved in the offense was imported from Mexico, and that the importation enhancement applied. (*See* doc. 594-1 at ¶¶ 18, 29.) Movant's reliance on his plea agreement and factual resume to support his claim does not save his motion, and he is not entitled to § 2255 relief on this basis.

Because counsel is not deficient for failing to raise meritless arguments, Movant has failed to satisfy the first prong of *Strickland*; nor has he alleged facts or evidence to demonstrate prejudice under *Strickland*, i.e., a reasonable probability that the result of the proceedings would have been different but for counsel's alleged deficiencies.  *See Kimler*, 167 F.3d at 893; *Sones*, 61 F.3d at 415 n.5; *Strickland*, 466 U.S. at 694.  Accordingly, he is not entitled to § 2255 relief, and his claim should be denied.

## IV.    EVIDENTIARY HEARING

Movant requests an evidentiary hearing before this Court on his claim.  (*See* No. 3:18-CV-3395-D-BH, doc. 6 at 8.)  No evidentiary hearing is required when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255(b).  A movant "is entitled to an evidentiary hearing on his § 2255 motion only if he presents 'independent indicia of the likely merit of [his] allegations.'"  *United States v. Reed*, 719 F.3d 369, 373 (5th Cir. 2013) (citation omitted); *United States v. Cervantes,* 132 F.3d 1106, 1110 (noting that "[i]f the defendant produces independent indicia of the likely merit of [his] allegations, typically in the form of one or more affidavits from reliable third parties, [ ]he is entitled to an evidentiary hearing on the issue.").

Here, Movant has failed to demonstrate the existence of a factual dispute that creates a genuine issue.  He also has failed to come forward with independent indicia in support of the likely merit of his claims.  *See Reed*, 719 F.3d at 373.  Movant has therefore failed to demonstrate he is entitled to an evidentiary hearing on his claim.

## V.    RECOMMENDATION

The amended *Motion Under 28 U.S.C. Section 2255, to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody*, received on February 1, 2019 (doc. 5), should be **DENIED** with prejudice.

**SIGNED this 22nd day of June, 2021.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE